IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Earnest Edward Vaughn, Sr., a/k/a Earnest E. Vaughn, a/k/a Earnest E. Vaughn, ) ) ) ) | Civil Action No. 8:07-1386-TLW-BHH |
| Plaintiff, ) ) | **REPORT AND RECOMMENDATION**<br>**OF MAGISTRATE JUDGE** |
| vs. ) ) | |
| Timothy Campbell, Patrolman, Lauren's City, Police Department; and Laurens City Police Department, ) ) ) ) | |
| Defendants. ) | |

The plaintiff is proceeding in this action *pro se*. He is seeking relief pursuant to Title 42, United States Code, Section 1983, the United States Constitution, and possibly various state-law claims. This matter is before the Court on the defendants' motion for summary judgment [Doc. 17].

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

## LAW AND ANALYSIS

### LIBERAL CONSTRUCTION OF *PRO SE* COMPLAINT

The petitioner brought this action *pro se*. This fact requires that his pleadings be accorded liberal construction. *Estelle v. Gamble*, 429 U.S.97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); *Loe v. Armistead*, 582 F.2d 1291 (4th Cir.1978); *Gordon v. Leeke*, 574

F.2d 1147 (4th 1978).  *Pro se* pleadings are held to a less stringent standard than those drafted by attorneys.  *Hughes v. Rowe*, 449 U.S. 5 (1980) (per curiam). Even under this less stringent standard, however, the *pro se* Complaint is still subject to summary dismissal. The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so.  *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir.1999).  A court may not construct the petitioner's legal arguments for him. *Small v. Endicott*, 998 F.2d 411 (7th Cir.1993). Nor should a court "conjure up questions never squarely presented."  *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir.1985).

## SUMMARY JUDGMENT STANDARD OF REVIEW

The requirement of liberal construction does not mean that the court can assume the existence of a genuine issue of material fact where none exists.  If none can be shown, the motion should be granted.  *See* Fed. R. Civ. P. 56©.  The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue.  *Id.* at 324.  Under this standard, the existence of a mere scintilla of evidence in support of the petitioner's position is insufficient to withstand the summary judgment motion.  *Anderson*, 477 U.S. at 252.  Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment

motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985).

## DISCUSSION

In his Complaint, the plaintiff claims that he was falsely arrested, on February 6, 2007, for loitering outside of a convenience store. He complains that the defendants violated the Fourth Amendment of the United States Constitution by stopping him without reasonable suspicion and arresting him without probable cause. The defendants contend that cause existed and, therefore, any claim for false arrest must fail.

It is true that "'Fourth Amendment seizures are "reasonable"' only if based on probable cause." *Dunaway v. New York*, 442 U.S. 200, 213 (1979). Therefore, an arresting officer is not liable for false arrest, under 42 U.S.C. § 1983, where the arrest is supported by probable cause and the arrest is based upon the violation of a presumptively valid statutory provision. *See Michigan v. DeFillippo*, 443 U.S. 31, 36 (U.S. 1979); *Pierson v. Ray*, 386 U.S. 547, 557 (1967) ("[T]he defense of good faith and probable cause . . . available to the officers in the common-law action for false arrest and imprisonment, is also available to them in the action under § 1983."). The Fourth Circuit has reiterated that the viability of a plaintiff's claim for false arrest implicates the Fourth Amendment and requires that the plaintiff prove a lack of probable cause for his arrest. *See Lambert v. Williams*, 223 F.3d 257, 260-62 (4th Cir. 2000)

The test for an arrest without probable cause is an objective one, based on "the facts available to the officers at the moment of arrest." *Beck v. Ohio*, 379 U.S. 89, 96 (1964); *Edwards v. City of Philadelphia*, 860 F.2d 568, 571 n.2 (3d Cir.1988). Critically, "[t]he validity of the arrest does not depend on whether the suspect actually committed a

3

crime; the mere fact that the suspect is later acquitted of the offense for which he is arrested is irrelevant to the validity of the arrest." *Michigan*, 443 U.S. at 36.

In this case, the plaintiff was charged with loitering, leaving the scene of an accident with property damage, driving under suspension of license, improper display of tag and operating an uninsured vehicle. (Campbell Aff. ¶ 20.) He was booked on all these charges at the same time on the day he was arrested. *Id*. He was ultimately convicted on each of the charges except the one for loitering.

The defendants have produced the following evidence demonstrating that the arresting officer had a reasonable suspicion to detain the plaintiff and probable cause to arrest him. A motor vehicle accident was reported at 4:26 a.m, on February 6, 2007. (Campbell Aff. ¶ 5.) Upon arrival, the officer observed a white Nissan "stuck on the concrete poles that line the front of the fountain." *Id.* ¶ 6. The vehicle was still in drive and the engine engaged. *Id*. A witness described the individual who had walked away from the accident as being "light skinned," "wearking a dark jacket," and "appeared to be balding on the top." *Id.* ¶ 7.

The witness, who had since left the accident scene, later returned and indicated to the arresting officer that the plaintiff, the man he had previously described, was now located at a nearby AM/PM store. *Id.* ¶ 13. The arresting officer found the plaintiff at the store, as described by the witness. *Id.* ¶ 15.

The store was, in fact, closed. *Id*. ¶ 15. The defendants have also produced evidence that the plaintiff had been there for a minimum of ten minutes (the time between when the witness saw him at the store and when the officers arrived there). *Id.* ¶¶ 14-15,

20. Although the plaintiff claimed to be making a telephone call, he would neither identify the person nor the telephone number he was calling. *Id*. ¶ 19.

Based on the similarity between the plaintiff's appearance and the witness's original description and based on the witness's separate and later identification of the plaintiff at the AM/PM store as being the same man who had exited the vehicle, the arresting officer put the plaintiff under investigative detention. *Id*. ¶ 16, 20. During the investigative stop it was determined that the plaintiff's drivers license had been suspended. *Id*. ¶ 18.

The plaintiff complains that the arresting officer acted on a mere "hunch." The plaintiff has not produced any evidence to contradict the cause described above upon which the officers acted. (See generally Pl. Aff. (arguing generally that he was at the store trying to contact a person to give him a ride).) The plaintiff does not challenge the eye witness account, either that it was made or as to the substance of that account, identifying him as having been at the car and the store.

The only evidence before the Court, therefore, is that (1) a wrecked vehicle, causing property damage, was left unattended; (2) an eyewitness described the plaintiff as the man leaving the scene of the accident and later identified him as the individual at a local store; (3) the arresting officer went to AM/PM store on the strength of that witness's description and subsequent identification of the plaintiff; (4) the plaintiff was, in fact, found at the store; (5) the plaintiff would not explain his reason for being there; and (6) the arresting officer discovered that he had a suspended license. (Campbell Aff. ¶¶ 5, 6, 7, 13.) This evidence constituted probable cause for the arrest on at least the charge of leaving the scene of an accident with property damage. It also likely constituted cause for the driving

on a suspended license charge.[1]

The plaintiff, however, argues that he was not, in fact, initially arrested for leaving the scene of an accident or driving on a suspended license. Rather, the plaintiff contends that he was arrested only on the loitering charge. The defendants' evidence appears to confirm this fact. (Def. Exs. at 2 ("The subject was placed under arrest for loitering.").) The plaintiff appears to have been arrested on a loitering charge and then charged with other offenses once he arrived at the police station. *Id*. The plaintiff, therefore, contends that there did not exist probable cause for the particular charge of loitering and, therefore, the initial arrest was wrongful.

The Court tends to agree that probable cause was wanting for the arrest, if based solely on the specific loitering statute actually charged.[2] But that fact is not fatal to the

---

[1] Although it does not appear that the witness claimed to see the plaintiff driving the vehicle, his observation that the plaintiff was at the car combined with evidence of a suspended license likely constituted probable cause from the officer's perspective. *See Guider v. Churpeyes, Inc.*, 635 S.E.2d 562 (S.C. Ct. App. 2006) ("When determining if probable cause exists, the court must consider the facts from the point of view of the party prosecuting.") The Court need not so specifically decide in regards to that charge.

[2] In a supplement to their motion for summary judgment made at the request of the Court [Doc. 24], the defendants first represented that the plaintiff was arrested and charged under Section 24-38 of the City of Laurens Code, Loitering for the purpose of engaging in drug-related activities. [Doc. 25 at 2.] That statute makes it unlawful for a person to be loitering under circumstances manifesting a purpose to engage in drug-related activity. *Id*. The statute delineates nine enumerated circumstances which may be considered in determining whether an individual has manifested the purpose to engage in such activity. *Id*. The defendants originally represented that the plaintiff was charged under subsection (b)(8) because he was allegedly found in a place "known to be an area of unlawful drug use and trafficking." *Id*. at 1, 3.
   The defendants then amended their supplement [Doc. 26] to indicate that the plaintiff had been, in fact, charged under Section 24-40 of the City of Laurens Code [Doc. 26 at 4], Loitering for the purpose of obstructing vehicular traffic and/or pedestrian passage. *Id*. That statute makes it unlawful for a person to be loitering under circumstances manifesting a purpose to in any way obstruct vehicular traffic and/or pedestrian passage. *Id*. Like Section 24-38, Section 24-40 enumerates two

defense. Notwithstanding any paucity of cause on the loitering charge, the officers' actions do not constitute false arrest because they had probable cause to arrest him based on at least one other charge, namely, leaving the scene of an accident. So long as they had probable cause for some offense, the arrest was proper. "[P]robable cause need only exist as to *any offense* that could be charged under the circumstances." *Barna v. City of Perth Amboy*, 42 F.3d 809, 819 (3rd 1994).

A police officer's subjective reason for making an arrest is irrelevant in determining whether the arrestee's Fourth Amendment rights were violated. *Whren v. United States*, 517 U.S. 806, 812-13 (1996). So long as the arresting officer had a valid basis for conducting the stop and arrest, even if it was not the reason he cited, the arrest is valid.

---

circumstances which may be considered in determining whether an individual has manifested the purpose to so obstruct traffic or passage. *Id*.

The plaintiff has objected to the defendants' supplement but for reasons that the Court does not fully understand. It appears that the prosecution attempted to amend, on the eve of trial, the loitering charge with which the plaintiff was charged. The plaintiff claims to have been overruled in his objection to that amendment.

On the record before it, there are issues of fact as to what law the plaintiff was charged. But that discrepancy is immaterial. To the Court it appears that under either statute presented, probable cause was lacking at the time of the arrest.

In regards to Section 24-38, drug-related loitering, the defendants have not submitted any evidence that the plaintiff was ever under any suspicion of drug related activity or that the area where the store was located was known as an area of unlawful drug activity.

In regards to Section 24-40, the defendants have not submitted any evidence that the plaintiff was loitering in a way that impeded either foot or vehicular traffic in such a way that his conduct was "hazardous to the public" as required by that Section. [Doc. 25 at 4-5.] It is undisputed that the plaintiff was found at the store in the middle of the morning after the store was closed. There was no foot or vehicular traffic with which the plaintiff could have interfered.

While there they may have been probable cause to arrest him under some other general loitering prohibition, the Court sees no evidence of record suggesting probable cause for a loitering offense under either 24-38 or 24-40. The jury, in fact, found the plaintiff not guilty on that count, whatever the applicable statute. [Doc. 22, Pl. Ex. at 3.]

Ultimately the issue of whether or not there was probable cause for the loitering charge is moot, as discussed more fully by the Court in the body of the Order.

7

*See United States v. Bookhardt*, 277 F.3d 558, 565 (D.C. Cir.2002) (upholding arrest on different grounds than those cited by officer); *United States v. Kalter,* 5 F.3d 1166, 1168 (8th Cir.1993) (upholding arrest on different grounds than those cited by officers).

The plaintiff does not contend that there was an absence of probable cause to arrest him on any of the other charges. He only complains that cause was lacking for the loitering charge.

Accordingly, because there existed probable cause for one of the charged offenses the plaintiff's claim for false arrest under Section 1983 must fail.[3]

**II.     State Law Claims**

Having dismissed the plaintiff's federal claim pursuant to 42 U.S.C. § 1983, the Court declines to exercise jurisdiction over the whatever state law claims the plaintiff may have against the defendants. *See* 28 U.S.C. § 1367(c); *see, e.g., Patterson v. City of Columbia*, 2003 WL 23901761, at *5 (D.S.C. Dec 29, 2003) ("Patterson has raised various state law claims against all Defendants. Because the federal claims must be dismissed, the court declines to exercise jurisdiction over the remaining state law claims.") Thus, the

---

[3] The defendants also contend that *Heck v. Humphrey*, 512 U.S. 477 (1994) bars the plaintiff's claim because he was, in fact, convicted of all of the charges brought against him except for the loitering charge. In *Heck*, the United States Supreme Court held that "in order to recover for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination or called into question by a writ of habeas corpus." *Id.* at 486-487. Because the plaintiff's Section 1983 claim fails on the merits, the Court need not address the *Heck* argument although the Court has doubts about its efficacy. Because the plaintiff was found not guilty on the loitering charge, "a judgment in favor of the plaintiff," in this present case, would not "necessarily imply the invalidity of his conviction or sentence" on that charge, as was the Supreme Court's concern in *Heck*. *Id.* at 487.

state law claims, if any, are dismissed without prejudice for refiling in state court.

## **CONCLUSION**

Wherefore, it is RECOMMENDED that the defendants' Motion for Summary Judgment [Doc. 17] should be GRANTED.

IT IS SO RECOMMENDED.

s/Bruce H. Hendricks<br>
United States Magistrate Judge

December 13, 2007
Greenville, South Carolina

**The plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 10768
Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).